*In the matter of John Stafford, an habitual drunkard.* J. Lansing, for petitioner. Order discharging committee, and directing him to restore to petitioners the full control and disposition of his property, and the vouchers and securities relating thereto, and directing the committee to account.

*In the matter of the petition of Hoffman and others, in the matter of John Stafford.* Collier & Elmendorf, for petitioner; J. L'Amoureux, for committee. Order directing Stafford to pay the amount of petitioners' claims within thirty days after his property is restored to him; or that they be at liberty to sue him at law.

*Receiver in creditor's suit.* *George R. Clark* v. *Samuel D. Dakin et al.* O. L. Barbour, for motion; W. W. Mumford, defendant in person. Motion for appointment of a receiver in a creditor's suit. The defendant objected that the execution, which was issued to the county of Monroe, was returned to the clerk's office in Utica, instead of the clerk's office at Geneva. The chancellor inclined to the opinion that this was a mere matter of form, which even the supreme court would not notice upon an application to set aside the return for irregularity, and he decided that if the return was irregular, an application must be made to the supreme court to set it aside.

*Effect of an irregularity in return of execution.*

*Docketting judgment in county clerk's office when unnecessary.* The defendant also objected that the judgment had not been docketted in the county where he resides. The chancellor decided that it is not necessary to docket a judgment of the supreme court, to enable the plaintiff to sell the defendant's interest in lands; the object of docketting being merely to obtain a lien upon the lands as against subsequent mortgagees or judgment creditors.

That the defendant cannot object that the plaintiff has not exhausted his remedy against lands which had been sold or pledged to others before the execution issued.

That a judgment recovered previous to the passage of the law requiring judgments in the supreme court to be docketted in the several counties, is a lien upon all the lands of the defendant in any of the counties of the State, without being docketted in each county. And that the revival of a judgment by *fieri facias* does not render a second docketting necessary as to the original debt and costs.

Motion denied as to defendant Mumford, but without prejudice to complainant's right to renew it. Costs to abide the event. Motion granted as to defendant Dakin.

*In the matter of Prince Russell, a lunatic.* J. Holmes & J. E. Taylor, for original petitioner; J. D. Willard, for alleged lunatic. Application for appointment of a committee of lunatic, and a counter application on the part of the lunatic to have the inquisition set aside for irregularity, or for leave to traverse, or for a feigned issue to try the question of lunacy.

*Lunacy.*

The chancellor decided that the alleged lunatic, except in cases of confirmed and dangerous madness, to be judged of and provided for by the court in the order for the commission, is entitled to reasonable notice of the time and place of the executing of a commission against him, and reasonable time to produce his witnesses before the jury. But that it is not necessary that notice should be served on him personally where it is evident he keeps out of the way to avoid it.

*Notice to lunatic of execution of commission.*

That the jury have the right to inspect and examine the lunatic, and that they should do so in every case of doubt when practicable, and that they may direct the person in whose custody the lunatic is, to produce him for that purpose.

*Lunatic to be produced before jury.*

That the court has a right to discharge an inquisition of lunacy upon an examination of the supposed lunatic in connection with the evidence produced before the jury, without subjecting him to the expense of an issue or a traverse, where, upon such an examination and evidence it is evident that the jury erred. But that where no change has taken place in the situation of the lunatic, it must be a very clear case of mistake or undue prejudice on the part of the jury to authorise the court to do so.

*Practice as to discharging commission.*

That the court will not discharge an inquisition upon *exparte* affidavits contradicting the finding of the jury, without any excuse given for neglecting to produce the deponents before the commissioners.

Order directing an issue to be made up and tried at the Rensselaer circuit, and that lunatic attend the trial thereof personally, and submit to such examination as may be re-